UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA         :        07 CR. 743 (GEL)

    - v -                                                  :

**NOEL VELEZ**                                  :

          Defendant.                     :

-------------------------------------------------------X

# DEFENDANT NOEL VELEZ'S MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE

LEONARD F. JOY, ESQ.
Federal Defenders of New York
Attorney for Defendant
**NOEL VELEZ**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8762

**PEGGY M. CROSS, ESQ.**


TO:   MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One. St. Andrew's Plaza
      New York, New York 10007
      Attn: **Antonia M. Apps, ESQ.**
          Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
```

UNITED STATES OF AMERICA             :        07 CR. 743 (GEL)

    - v -                                             :

**NOEL VELEZ**                                  :

            Defendant.              :

```
------------------------------------------------------X
```

## DEFENDANT NOEL VELEZ'S MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL SEARCH AND SEIZURE

The defendant, Noel Velez, is charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). Mr. Velez hereby moves under the Federal Rules of Criminal Procedure 12(b)(3) and 41(f) to suppress evidence obtained as the result of an illegal search and seizure by the New York Police Department on June 8, 2007. In particular, Mr. Velez moves to suppress a gun that was found in his apartment by officers of the New York Police Department pursuant to an illegal search and seizure. He also moves to suppress any post-arrest statements he made, as fruits of the illegal search.

### Factual Background

Early in the afternoon of June 8, 2007, several New York Police Department officers, in multiple squad cars, arrested Mr. Velez based on a burglary complaint. The officers had Mr. Velez drop to his knees. (Declaration of Noel Velez at ¶ 2, attached hereto as Exhibit A). While he was on his knees, one officer frisked and handcufffed him while another kept his drawn gun

pointed at Mr. Velez. Id. After handcuffing him, the officers transported Mr. Velez to the 41st Precinct, where he was placed in a bullpen cell with other recent arrestees. Id.

After a while, three plainclothes officers removed Mr. Velez from the cell and placed him in an interrogation room. Velez Dec. at ¶ 3. Once in the interrogation room, Mr. Velez's left arm was handcuffed to a pole behind his chair. Id. At 1:37 p.m., the officers had Mr. Velez initial a Miranda waiver form, attached hereto as Exhibit B, and began questioning him about his knowledge, if any, of drug sales, guns, and a shooting in another part of the Bronx. Velez Dec. at ¶ 3. They repeatedly told him that if he did not cooperate with them, they would make things hard for him and he would be sent up north to do state time. Id.

One of the officers, Officer Rodriguez, asked Mr. Velez if he had a gun in his apartment and asked for permission to search the apartment. Velez Dec. at ¶ 4. Mr. Velez denied having a gun and refused to consent to a search. Id. Rodriguez told Mr. Velez that if he did not consent to a search of the apartment and a gun later was found there after he had obtained a search warrant, the officers would charge Mr. Velez's mother with the possession of the gun. Id. The threat to arrest his mother and charge her with a crime was repeated at least three times. After repeated questioning, the officers placed Mr. Velez in a holding cell alone. Id.

After leaving him there for some time, Officer Santiago, one of the three who had brought Mr. Velez into the interrogation room, approached Mr. Velez and again asked for his consent to search the apartment. Velez Dec. at ¶ 5. He handed Mr. Velez a blank sheet of paper and dictated to Mr. Velez the contents of the signed consent form that appears as Exhibit I to Mr. Velez's declaration. Id. This form was signed at 5:15 pm, three and one-half hours after the earlier Miranda waiver. At no time was Mr. Velez informed that he had the right to refuse to

give consent to search the apartment. Velez Dec. at ¶ 6. Because of the repeated threats from the officers that they would arrest his mother, Mr. Velez felt as though he had no choice but to write out the consent as requested by the police. Id.

The officers removed Mr. Velez's keys from the property that had been taken from him when he was arrested. Velez Dec. at ¶ 7. Using these keys, the officers entered Mr. Velez's apartment at 1035 Longwood Avenue in the Bronx. Id. The officers searched Mr. Velez's bedroom and located a locked safe, which they opened using a key on the keyring that had been taken from Mr. Velez. Within that safe, they located a gun.

After the officers found the gun, Mr. Velez was interviewed by two federal agents. Velez Dec. at ¶ 8. This interview again took place in an interrogation room and Mr. Velez again was handcuffed to a pole. Id. In a letter to counsel dated August 27, 2007, the government stated that

> After [Mr. Velez] was arrested, taken to the police station, advised of his Miranda rights, and signed a written statement waiving his Miranda rights, the defendant stated, in substance, that he purchased the gun about two weeks prior to his arrest from a man called "Green Eyes" for $500.000 [sic.]. He also stated that he put the gun in a safe in his bedroom.

Exh. C at 2. The only written waiver of his Miranda rights that has been provided by the government is the 1:37 pm waiver that Mr. Velez signed for the NYPD officers.

## ARGUMENT

The search of Mr. Velez's apartment, bedroom, and safe were not lawful. Warrantless searches "are per se unreasonable under the Fourth Amendment – subject only to a few

4

specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). A warrant is not required for a search conducted pursuant to the valid consent of an authorized person. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973); United States v. Lewis, 386 F.3d 475, 481 (2d Cir. 2004). Where the government relies on consent to justify a warrantless search, it bears the burden of proving by a preponderance of the evidence that the consent was voluntary. United States v. Isiofia, 370 F.3d 226, 230 (2d Cir. 2004).

Here, because the police did not have a warrant to search Mr. Velez's apartment, bedroom, or safe, the Government must rely on the police officers' claim that they received consent to search from Mr. Velez. Mr. Velez, however, did not provide voluntary consent to search; instead he transcribed Officer Santiago's statement consenting to the search of his apartment because he thought that if he refused, the officers would arrest his mother.

Following the search of Mr. Velez's apartment and the discovery of the gun in it, Mr. Velez made statements to the police regarding his ownership and possession of the gun. Those statements were made as the result of the discovery of the gun, and, as such, they should be suppressed as the fruits of the illegal search and seizure. See Brown v. Illinois, 422 U.S. 590 (1975).

## Conclusion

The police did not have a warrant or valid consent to search to Mr. Velez's apartment, bedroom, or safe, and the evidence recovered therein should be suppressed. Any statements obtained from Mr. Velez following the discovery of the gun should be suppressed as the fruits of an illegal search and seizure.

**Wherefore**, it is respectfully requested that this Court enter an order suppressing the physical evidence obtained by the New York Police Department in violation of the Fourth Amendment to the United States Constitution and suppressing the statements that were obtained from Mr. Velez as a result of that violation.

Dated: New York, New York
November 9, 2007

> LEONARD F. JOY, ESQ.
> Federal Defenders of New York
> Attorney for Defendant
>   **Noel Velez**
> 52 Duane Street - 10th Floor
> New York, New York  10007
> Tel.: (212) 417-8762
>
> _____
> **PEGGY M. CROSS**

TO:   MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York  10007
      Attn.: **ANTONIA M. APPS, ESQ**.
            Assistant United States Attorney