# Exhibit A

Case 1:07-cr-00743-GEL    Document 4-3    Filed 11/10/2007    Page 1 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA           :        07 CR. 743 (GEL)

    - v -                                                    :

**NOEL VELEZ,**                                         :

        Defendant.                             :

------------------------------------------------------X

## DECLARATION OF NOEL VELEZ

    I, NOEL VELEZ, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am the defendant in the above captioned criminal case, and I make this declaration in support of a motion pursuant to Rules 12(b)(3) and 41 of the Federal Rules of Criminal Procedure to suppress physical evidence and statements obtained from me by law enforcement authorities in violation of my constitutional rights. Since the only purpose of this declaration is to show that my constitutional rights were violated, I have not included every detail of what occurred.

2. Early in the afternoon of June 8, 2007, several New York Police Department officers, in multiple squad cars, stopped me on the street and arrested me. An officer made me drop to my knees, frisked me, and handcuffed me while another officer pointed his gun at me. After handcuffing me, the officers transported me to the 41st Precinct, where I was placed in a bullpen cell with other recent arrestees.

3. After a while, three plainclothes officers removed me from the cell and placed me in an

interrogation room. Once in the interrogation room, my left arm was handcuffed to a pole behind my chair. At 1:37 pm, the officers had me initial a Miranda waiver form and began questioning me about my knowledge, if any, of drug sales, guns, and a shooting in another part of the Bronx. They repeatedly told me that if I did not cooperate with them, they would make things hard for me and I would be sent up north to do state time.

4. One of the officers, Officer Rodriguez, asked me if I had a gun in my apartment and asked for permission to search the apartment. I denied having a gun and refused to consent to a search. Rodriguez told me that if I did not consent to a search of the apartment and a gun later was found there after he had obtained a search warrant, the officers would charge my mother with the possession of the gun. The threat to arrest my mother and charge her with a crime was repeated at least three times. After repeated questioning, the officers placed me in a holding cell alone.

5. After leaving me there for some time, Officer Santiago, one of the three who had brought me into the interrogation room, approached me and again asked for my consent to search the apartment. He handed me a blank sheet of paper and dictated to me the contents of the signed consent form that appears as Exhibit I to this declaration. This form was signed at 5:15 pm, three and one-half hours after the earlier Miranda waiver.

6. At no time was I informed that I had the right to refuse to give consent to search the apartment. Because of the repeated threats from the officers that they would arrest my mother, I felt as though I had no choice but to write out the consent as requested by the police.

7. Upon my initial arrest, all of my property, including my keys, had been taken from me. The officers obtained my keys from my property and used them to enter my apartment.

8.  After the officers found the gun, I was interviewed by two federal agents. This interview again took place in an interrogation room and again I was handcuffed to a pole.

9.  I live in the apartment and bedroom and own the safe wherein the gun at issue in this case was found. I had an expectation of privacy in their contents, and at no time did I voluntarily give anyone consent to search the apartment, the bedroom, or the safe.

Dated:  Brooklyn, New York
        November 9, 2007

*Noel Velez*
Noel Velez

# Exhibit I

Case 1:07-cr-00743-GEL    Document 4-3    Filed 11/10/2007    Page 5 of 12

I NOEL VELEZ have nothing in my Aptment
I live at 1020 Souuview Ave Apt 2C B.x.
I give pernisson to chech my house
NOEL VELEZ

Noel Velez   6/8/07
5:15 P.M.

00032

# Exhibit B

| MIRANDA WARNINGS | AVISO MIRANDA |
|---|---|
| 1. You have the right to remain silent and refuse to answer questions.<br>Do you understand? _yes N.V._ | Usted tiene el derecho de quedarse callado y no contestar preguntas.<br>Comprende usted? _____ |
| 2. Anything you do say may be used against you in a court of law.<br>Do you understand? _yes N.V._ | Cualquier cosa que usted diga puede ser usado contra usted en una corte de ley.<br>Comprende usted? _____ |
| 3. You have the right to consult an attorney before speaking to the police and have an attorney present during any questioning now or in the future.<br>Do you understand? _yes N.V._ | Usted tiene el derecho de consultar a un abogado antes de hablar con la policia y tener un abogado presente durante cualquiere interrogacion ahora o en el futuro.<br>Comprende usted? _____ |
| 4. If you cannot afford an attorney, one will be provided for you without cost.<br>Do you understand? _yes N.V._ | Si usted no tiene dinero para pagar un abogado, uno sera facilitado para usted sin gasto.<br>Comprende Usted? _____ |
| 5. If you do not have an attorney available, you have the right to remain silent until you have an opportunity to consult with one.<br>Do you understand? _yes N.V._ | Si usted no tiene un abogado a su disposicion, usted tiene el derecho de permancer callado hasta que usted tenga la opportunidad de consultar con un abogado.<br>Comprende usted? _____ |
| 6. Now that I have advised you of your right, are you willing to answer questions? _yes N.V._ | Ahora que yo le explicado sus derechos, quiere usted contestar preguntas? _____ |

_Noel Velez_
**DEFENDANT'S NAME**

_Noel Velez_
**DEFENDANT'S SIGNATURE**

DATE _6/8/07_   TIME _1:37_

_PO Santiago #9616_
**MIRANDA ISSUED BY:**

_____
**NOMBRE DEL ACCUSADO**

_____
**FIRMA DEL ACCUSADO**

FECHA _____ HORA _____

_____
**MIRANDA ISSUED BY:**

**PARENT/GUARDIAN SIGNATURE**
(If Applicable)

_[signature]_
**WITNESSING BY:**

**PADRE/GUARDIAN FIRMA**
(Si se aplica)

**WITNESSING BY:**

00033

# Exhibit C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

August 27, 2007

**BY HAND**

Peggy Cross, Esq.
Federal Defenders of New York, Inc.
52 Duane Street–10th Floor
New York, NY 10007

        Re:    *United States* v. *Noel Velez*,
                07 Cr. 743 (GEL)

Dear Ms. Cross:

        This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

Disclosure By the Government

        Based on your request for discovery in this case, I have enclosed copies of the following materials, which are stamped with control numbers 00001 through 00033:

        1.     the Indictment (00001-2);

        2.     the defendant's Marshal's information sheet and photograph (00003-4);

        3.     the defendant's criminal history (00005-29);

        4.     a mugshot pedigree photograph of the defendant taken by the NYPD shortly after the defendant's arrest (00030);

        5.     a property voucher fo the firearm recovered from the defendant's apartment (00031);

        6.     a written statement by the defendant consenting to the search of his apartment (00032); and

Peggy Cross, Esq.
August 27, 2007
Page 2

    7.    a signed Miranda Warnings form (00033).

We also seized a gun which is available for your inspection at a mutually convenient date. The defendant also provided two keys to the NYPD when he consented to the search of his apartment.

After the defendant was arrested, taken to the police station, advised of his Miranda rights, and signed a written statement waiving his Miranda rights, the defendant stated, in substance, that he purchased the gun about two weeks prior to his arrest from a man called "Green Eyes" for $500.000. He also stated that he put the gun in a safe in his bedroom.

You have also made a request for *Brady* material. The Government recognizes its obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is currently unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light. The Government will provide material under *Giglio* v. *United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement this response if it obtains additional evidence and materials.

<u>Disclosure By the Defendant</u>

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defense disclose prior statements of witnesses it will call to testify. *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

Peggy Cross, Esq.
August 27, 2007
Page 3

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

<u>Sentence Reduction for Acceptance of Responsibility</u>

Please be advised that unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose the two-point reduction under the Sentencing Guidelines for acceptance of responsibility based upon its untimeliness. U.S.S.G. § 3E.1(a), Appl. Note 1.(g).

Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____
Antonia M. Apps
Assistant United States Attorney
(212) 637-2198

Enclosures